**IN THE COURT OF APPEALS OF IOWA**

No. 19-2080
Filed March 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESUS ANTONIO MURILLO,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Muscatine County, Mark R. Lawson,

Judge.


    Jesus Antonio Murillo appeals his conviction for willful injury causing bodily

injury.  **AFFIRMED.**


    Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

    Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


    Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Jesus Antonio Murillo appeals his conviction for willful injury. His sole challenge on appeal is whether sufficient evidence was presented to support his conviction. Specifically, Murillo argues the State failed to prove intent to commit serious injury and therefore the district court's denial of his motion for judgment of acquittal was in error. We find the record contains substantial evidence to support the conviction. Accordingly, we affirm.

## I.      Background and Prior Proceedings

On July 11, 2019, Ricardo Trevino and Murillo began drinking in a wooded area of a park in Muscatine, Iowa.[1] At some point after the two consumed alcohol in the park, Trevino and Murillo traveled to the home of Trevino's stepfather, Jose Gomez-Medina.

While at the home, Murillo began repeatedly punching Trevino. Trevino was knocked unconscious and fell to the ground. Murillo, however, continued punching and kicking Trevino in the head and ribs. The force of Murillo's kicks left shoelace imprints on Trevino's torso.

As Murillo continued to inflict blows on Trevino outside the residence, Gomez-Medina rushed out of his home to intervene. However, Murillo charged Gomez-Medina, causing Gomez-Medina to retreat into his home.

Deanna Reed, who was driving by the Gomez-Medina home, witnessed Murillo punching and kicking Trevino. Reed pulled her vehicle over, exited, and began to shout at Murillo in an attempt to stop the assault. Reed, who did not

---

[1] Trevino and Murillo had purchased "thirteen shooters of 99 Bananas" prior to going to the wooded area of the park.

know the identity of either man at the time, observed Murillo strike Trevino multiple times. Murillo charged Reed, causing Reed to retreat into her vehicle. At the time, Reed believed Trevino was dead. Murillo turned his attention back to Trevino, continuing to kick the unconscious Trevino. At some point, Murillo was able to enter the Gomez-Medina home and officers took him into custody at this location.[2] Trevino sustained a broken nose and a fractured orbital bone in his left eye.

Murillo was charged with willful injury in violation of Iowa Code section 708.4(1) (2019), a class "C" felony. At Murillo's jury trial on September 20, 2019, Murillo filed a motion for directed verdict, arguing the State had not proven by a preponderance of the evidence the alleged victim received a serious injury as defined by law. The trial court granted the motion for directed verdict and dismissed the charge of willful injury under Iowa Code section 708.4(1). The court allowed the jury to consider the lesser charge of willful injury under Iowa Code section 708.4(2), a class "D" felony.[3]

The jury returned a guilty verdict on the willful injury charge. Murillo was sentenced on December 13, 2019, to an indeterminate five years of incarceration but was granted a suspended sentence. The minimum fine was imposed, and Murillo was ordered to successfully complete programming at the Residential Correctional Facility in Davenport. Murillo now appeals.

---

[2] Although not at issue in this appeal, after the assault on Trevino, Murillo assaulted the homeowner's daughter, rendering her unconscious.
[3] As part of the district court's oral ruling on the motion for judgment of acquittal, the court held that the State failed to prove Trevino suffered a serious injury but held that "a rational fact finder could find the defendant had an intent to inflict serious injury."

## II.     Sufficiency of the Evidence

### A.     Standard of Review

Sufficiency-of-evidence claims are reviewed for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).  A verdict is binding upon this court and will be upheld unless it is not supported by substantial evidence.  *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).  Substantial evidence is evidence that would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt.  *Id.*  If evidence raises mere suspicion, speculation, or conjecture, it is not substantial.  *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016).  We consider all evidence in the record, not just evidence supporting guilt.  *Tipton*, 897 N.W.2d at 692.  We view all relevant evidence in the light most favorable to the prosecution.  *Id.*

### B.     Merits

The elements of willful injury pursuant to Iowa Code section 708.4(2) include: (1) committing an act which is not justified, (2) with the intent to cause serious injury, and (3) causing bodily injury.  *State v. Benedict*, No. 14-1496, 2015 WL 3876796, at *3 (Iowa Ct. App. June 24, 2015).  Murillo's sole claim on appeal is the evidence presented by the State was insufficient to support the jury's verdict that he intended to cause serious injury to Trevino.  Murillo cites the district court's ruling on the original charge that the State failed as a matter of law to prove a serious injury occurred.  We begin with noting Murillo was convicted of willful injury in violation of Iowa Code section 708.4(2), and as such, "the evidence only needed to support a finding that a *bodily* injury occurred, not that a *serious* injury was inflicted."  *See State v. Vandermark*, No. 19-2112, 2021 WL 210972, at *4 (Iowa

Ct. App. Jan. 21, 2021). As to the intent, Murillo argues there was inadequate evidence he intended to cause a serious injury, as "there was not testimony at Murillo's trial regarding [the victim's] injuries that would indicate anything beyond mere bodily injuries. No additional evidence regarding Murillo's intent was presented."

We reject Murillo's argument. We are convinced that a rational jury could have found the evidence established Murillo possessed the requisite intent. As both the State and Murillo concede, "proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996). The jury can "infer intent from the normal consequences of one's actions." *State v. Evans*, 671 N.W.2d 720, 724–25 (Iowa 2003). The jury can also infer intent from the extent of the victim's injuries. *State v. Bell*, 223 N.W.2d 181, 184 (Iowa 1974).

Murillo punched the victim repeatedly with his fists. After the victim was unconscious, Murillo kicked the victim multiple times in the head and ribs. The victim remained on the ground, unresponsive. Murillo struck the victim in his head with enough force to fracture the victim's nose and orbital bone. Murillo kicked the victim in the chest with enough force to leave shoelace imprints on the victim's torso. While Murillo was attacking the victim, two bystanders tried to intervene but were deterred by Murillo. Murillo, even after being interrupted on two separate occasions by the bystanders, continued to strike the unconscious victim.

Viewing the evidence in the light most favorable to the State, including reasonable inferences, there is substantial evidence from which the jury could find Murillo intended to inflict a serious injury upon the victim. Therefore, the court did

not err in denying Murillo's motion for acquittal. Accordingly, we affirm Murillo's conviction for willful injury pursuant to Iowa Code section 708.4(2).

**AFFIRMED.**